UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUTHER LOPEZ,

                Plaintiff,

-against-

EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC; CHEXSYSTEMS, INC.,

                Defendants.

24-CV-3681 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights under the Fair Credit Reporting Act ("FCRA") and state law. In the original complaint, Plaintiff named as Defendants Equifax, Inc. ("Equifax") and Equifax Information Services, LLC ("Equifax Information Services"). By order dated May 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On June 10, 2024, without prompting from the Court, Plaintiff filed an amended complaint. (ECF 5.) In the amended complaint, Plaintiff again named Equifax and Equifax Information Services, and added ChexSystems, Inc. On June 14, 2024, Plaintiff filed a Notice of Voluntary Dismissal, seeking to voluntarily dismiss with prejudice all claims against Equifax and Equifax Information Services. For the reasons set forth below, the Court (1) grants Plaintiff's request to voluntarily dismiss his claims against Equifax and Equifax Information Services; and (2) grants Plaintiff leave to file an amended complaint with respect to ChexSystems within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action seeking damages and injunctive relief under provisions of the FCRA. He also asserts state law claims for negligence. The following allegations are taken from

the complaint.[1] Around April 1, 2024, Plaintiff applied for membership at Andrews Credit Union, but he was denied membership "due to incorrect and/or fraudulent information provided to Andrews Credit Union by the Defendant Chexsystems." (ECF 5, at 4.)[2] On April 8, 2024, Plaintiff filed a complaint with ChexSystems "in regards to the matter and requested that they either remove the incorrect and/or fraudulent account or/and information or/and conduct a proper investigation pursuant to 15 U.S.C. 1681 et seq." (*Id.* at 4-5.) ChexSystems "declined to remove the incorrect and/or fraudulent account." (*Id.* at 5.) In late May 2024, ChexSystems "continued to distribute false, incorrect and fraudulent information to third parties when the Plaintiff was denied the ability to open a business checking account due to the fact that the Plaintiff is the only authorized signer." (*Id.*)

Plaintiff alleges that ChexSystems "failed to perform a reasonable reinvestigation of Plaintiff[']s dispute" and "failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information" as required by the FCRA. (*Id.* at 7.) ChexSystems instead "relied solely on information it received from [C]apital [O]ne and did not adequately review the information provided to them from Plaintiff, did not seek any additional information from [C]apital [O]ne, and failed to conduct an independent evaluation of the accuracy of the disputed item." (*Id.*) Moreover, after being informed that "the alleged debt is inaccurate," ChexSystems continues to "disseminate false and defamatory information to third parties." (*Id.*) As a result, Plaintiff has been "prevented . . . from engaging in financial opportunities." (*Id.*)

---

[1] Because Plaintiff seeks to dismiss his claims against Equifax and Equifax Information Services, the Court limits its description of the allegations to those facts implicating ChexSystems.

[2] The Court quotes from the amended complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

3

Plaintiff seeks money damages and "[a]n order compelling Chexsystems to temporarily remove the disputed account or/and information from the Plaintiff's file." (*Id.* at 10.)

## DISCUSSION

### A. Claims against Equifax and Equifax Information Services

On June 14, 2024, the Court received a letter from Plaintiff stating that he wishes to voluntarily dismiss all claims against Equifax and Equifax Information Services. (ECF 6.) The Court grants Plaintiff's request to withdraw his claims against Equifax and Equifax Information Services. Plaintiff's claims against those defendants are voluntarily dismissed under Fed. R. Civ. P. 41(a). The Clerk of Court is directed to terminate those parties and amend the caption of this action accordingly.

Defendant ChexSystems remains as the sole defendant in this action.

### B. Claims under the Fair Credit Reporting Act

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citing 15 U.S.C. §§ 1681o, 1681n). Plaintiff's allegations may be construed as implicating two of the FCRA provisions imposing duties on consumer reporting agencies ("CRA"): the duty to follow "reasonable procedures to assure maximum possible accuracy" of information in a consumer's credit report, 15 U.S.C.§ 1681e(b); and the duty to conduct a "reasonable reinvestigation" if a consumer disputes information on the credit report, 15 U.S.C. § 1681i(a)(1)(A).[3] A consumer harmed by a CRA's failure to follow such

---

[3] Plaintiff adequately alleges that ChexSystems is a CRA as defined by the FCRA. (*See* ECF 5, at 3.)

reasonable procedures may bring a civil action against the CRA. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

"The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate." *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989); see *Fashakin v. Nextel Commc'ns*, No. 05-CV-3080, 2009 WL 790350, at *11 (E.D.N.Y. Mar. 25, 2009) ("A plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a [CRA] had failed to reasonably reinvestigate a disputed item."). "A plaintiff must therefore identify the specific information on his credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps v. Experian*, No. 20-CV-3368 (LLS), 2020 WL 3268488, *3 (S.D.N.Y. June 15, 2020) (citing *Magee v. Am. Express*, No. 19-CV-8476 (CM), 2019 WL 6030099, at *4 (S.D.N.Y. Nov. 12, 2019)); "[A] credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Shimon v. Equifax Info. Servs.*, 994 F.3d 88, 91 (2d Cir. 2021) (citation omitted); *see also Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (holding that "accuracy" under the FCRA "requires a focus on objectively and readily verifiable information").

Here, Plaintiff does not plead facts about what inaccurate information appeared on his consumer report beyond his conclusory assertion that his consumer report included "incorrect and/or fraudulent information." (ECF 5, at 4.) He does not identify the specific information on his report that he alleges is inaccurate or explain how the information is inaccurate. Plaintiff's allegations are therefore insufficient to state a claim for a violation of Section 1681e(b) or Section 1681i. *See Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (finding that "[a]bsent additional facts explaining why the disputed

information and inquiries are false, Plaintiff has failed to plead an essential element of a claim under Section 1681e(b) or Section 1681i"); *Gestetner v. Equifax Info. Servs.*, No. 18-CV-5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 3, 2019) (dismissing complaint alleging that credit report "showed erroneous and inaccurate information," without "any explanation as to why" information was false, for failure to state claim under Section 1681i or Section 1681e(b)).

The Court grants Plaintiff leave to file an amended complaint alleging sufficient facts to state a claim under the FCRA. If Plaintiff files an amended complaint, he must identify the information on his consumer report that he alleges is inaccurate and allege facts describing why the information is inaccurate. Plaintiff should also allege facts explaining the basis of his claim that ChexSystems failed to follow reasonable procedures to assure the accuracy of his credit report.

**C.    Claims under state law**

It is unclear whether Plaintiff is attempting to assert state law claims against ChexSystems.[4] A federal district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Because the Court is granting Plaintiff leave to replead his federal claims, the Court declines to address the merits of any state law claims that Plaintiff may wish to assert against this Defendant.

---

[4] Plaintiff includes a cause of action for "willful negligence" against Equifax, Equifax Information Systems, and ChexSystems. (ECF 5, at 9.) The facts alleged in support of that cause of action pertain solely to the Equifax defendants and relate to events in the complaint that do not implicate ChexSystems.

6

*See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). The Court will determine at a later stage whether to exercise its supplemental jurisdiction over any state law claims.[5]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

---

[5] A federal district court can also adjudicate state law claims under its diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1). In addition to diversity of parties, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges that he is a citizen of the State of New York. He alleges that ChexSystems is incorporated in the State of Minnesota, but he does not state where it maintains its principal place of business. Even if the Court assumes that the parties are diverse, Plaintiff does not state the amount of damages he seeks, and his allegations are insufficient to demonstrate that his claims are worth in excess of the $75,000 jurisdictional threshold. On these facts, therefore, the Court must conclude that it lacks diversity of citizenship jurisdiction to consider any state law claims Plaintiff may be asserting.

additional facts to state a valid claim under the FCRA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts in support of his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The Court grants Plaintiff's request to voluntarily dismiss all claims against Equifax, Inc. and Equifax Information Services, LLC under Fed. R. Civ. P. 41(a). The Clerk of Court is directed to terminate these parties and to amend the caption of this action accordingly.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3681 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

Plaintiff may consent to receive court documents by email by completing the attached form, [Consent to Electronic Service](#).[6]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[6] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 26, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge